Forest Fires — Violators — Complaint — Prosecution Any person who has knowledge of an individual who violates the provisions of 2 O.S. 749 [2-749] (1968), may make a complaint with the District Attorney's office of the district where the offense was committed. Authorized agents of the State Board of Agriculture have authority to make complaints with such District Attorney's office m their official capacity as agents of the Board against individuals who violate said section. The Attorney General has had under consideration your letter dated November 4, 1968, in which you, in effect, inquire as follows: "1. Who are the proper persons to make complaints against violators of 2 O.S. 749 [2-749] (1968)? "2. Do authorized agents of the State Board of Agriculture have the authority to make complaints in their official capacity as agents of the Board?" O.S.L. 1968, ch. 168, Section 1 (2 O.S. 749 [2-749] (1968)), effective April 11, 1968, referred to in your inquiry provides as follows: "(a) In that area of the state in which basic protection from forest fires is being furnished by the State Department of Agriculture, Forestry Division, or the United States Forest Service, it shall be unlawful for any owner or lessee of land, or any employee of any such owner or lessee of land, to set fire to, or to procure another to set fire to, any woods, brush, logs, leaves, grass, stubble, debris, or other flammable material upon such land unless he previously shall have taken all reasonable care and precaution, by having cut and piled the same or carefully cleared around the same, to prevent the spread of such fire to lands other than those owned or leased by him; "(b) Even though the aforesaid precautions be taken, during the period from December 15 to May 1, inclusive, it shall be unlawful for any person to set fire to, or procure another to set fire to, any brush, leaves, grass, stubble, debris, or field containing dry grass, or to any other flammable material capable of spreading fire, located in or within three hundred (300) feet of any woodland or brushland, except between the hours of four o'clock post meridian (4:00 PM.) and eleven o'clock post meridian (11 :00 P M.), Central Standard time, provided that this subsection shall not apply to campfires, however every precaution shall be taken to safeguard that said fires shall not be spread; "(c) The provisions of subsection (b) of this Act shall not apply to any fires set on rights-of-way of railroad companies by their duly authorized employees, however said railroad companies shall be liable in civil damages if they allow fires to escape from their right-of-way to the lands of another, or to any fire which may be started within the corporate limits of any city or town; "(d) Any person who violates the provisions of this Act shall, upon conviction, be punished by a fine of not less than Ten Dollars ($10.00) nor more than One Hundred Dollars ($ 100.00) for each separate offense." Oklahoma Constitution, Article II, Section 17 is pertinent to your first inquiry and provides as follows: "No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint." Title 22 O.S. 301 [22-301] and 22 O.S. 303 [22-303] (1961) are also pertinent to your inquiry and provide as follows: "Section 301. Every felony must be prosecuted by indictment or information in the district or superior court. Misdemeanors must be prosecuted by information, except as otherwise provided by law: Provided, however, that the district court or the judge thereof, may, by order made, direct that any particular misdemeanor be presented to the grand jury, and when so ordered it may be prosecuted by indictment." "Section 303. The county attorney shall subscribe his name to information filed in the county, superior or district court and endorse thereon the names of the witnesses known to him at the time of filing the same. He shall also endorse thereon the names of such other witnesses as may afterwards become known to him, at such time as the court may by rule prescribe. All information shall be verified by the oath of the prosecuting attorney, complainant or some other person." Therefore in answer to your first inquiry, any person who has knowledge of an individual who violates the provisions of 2 O.S. 749 [2-749] (1968), supra, may make a complaint with the District Attorney's office of the district where the offense was committed. While Section 303, supra, refers to the county attorney, it should be noted that pursuant to O.S.L. 1965, ch. 256, Section 16 (19 O.S. 215.16 [19-215.16] (1965)), the District Attorney now exercises and performs all powers, duties, and functions formerly provided by law for the county attorney. In answer to your second inquiry, it is a general rule of law that in the absence of statutory authority, subordinate officials have no power with respect to the duties of an office involving the exercise of judgment and discretion. U.S. v. Watasha, 102 F.2d 428
(10th Cir. 1939). However, the Board of Agriculture has been given express authority to appoint authorized agents to perform certain services for the Board. The powers of the Board of Agriculture are set forth in O.S.L. 1965, ch. 389, Section 1, as amended by O.S.L. 1967, ch. 253, Section 1 (2 O.S. 24 [2-24] (1968)), and provide in relevant part: "The State Board of Agriculture shall have the following powers, which shall be in addition to those given in other parts of this Code: . . . . "(c) Initiate and prosecute civil or criminal actions and proceedings when deemed necessary to enforce or carry out any of the provisions of this Code; "(d) Appoint authorized agents to make inspections or investigations and to perform other services for the Board or any division of the State Department of Agriculture; . . . . "(p) Have jurisdiction over all matters affecting agriculture as contained and set out in Title 2 of the Oklahoma Statutes, which have not been expressly delegated to another state agency." The term "Code" as used in Title 2 (Agriculture) and more specifically in the statute above setting forth the powers of the Board of Agriculture is defined by O.S.L. 1965, ch. 177, Section 1 (2 O.S. 1-3 [2-1-3] (1968)), which provides: "For the purpose of this Act and as used herein, unless the context indicates otherwise: "(a) `Code' shall mean this Act as originally enacted and hereafter amended;" Although by virtue of 2 O.S. 24 [2-24](d) (1968), supra, the Board of Agriculture can appoint authorized agents to make inspections or investigations and to perform other services for the Board, and by virtue of 2 O.S. 24 [2-24](c) (1968), supra, the Board can initiate and prosecute civil or criminal actions and proceedings when deemed necessary to enforce or carry out any of the provisions of the Code, 2 O.S. 749 [2-749] (1968), supra, has not been expressly codified and made a part of the Agricultural Code. However, 2 O.S. 24 [2-24](p) (1968), supra, does provide that the State Board of Agriculture has jurisdiction over all matters affecting agriculture as contained and set out in Title 2 of the Oklahoma Statutes, which have not been expressly delegated to another state agency. This indicates, that even though a statute has not been codified and made a part of the Agricultural Code, the Board of Agriculture will still have jurisdiction over such statute if it is contained in Title 2 and not expressly delegated to another state agency. Since the jurisdiction over 2 O.S. 749 [2-749] (1968), supra, has not been expressly delegated to another state agency the logical conclusion follows that the Board of Agriculture has jurisdiction over this statute and can exercise all its express powers necessary to implement its provisions. Therefore, the Board of Agriculture can appoint authorized agents to perform services in their official capacity such as making complaints against individuals who violate 2 O.S. 749 [2-749] (1968), supra. It is, therefore, the opinion of the Attorney General that any person who has knowledge of an individual who violates the provisions of O.S.L. 1968, ch. 168, Section 1 (2 O.S.Supp. 1968 Section 749[2-749] [2-749]), may make a complaint with the District Attorney's office of the district where the offense was committed. It is also the opinion of the Attorney General that authorized agents of the State Board of Agriculture have authority to make complaints with such District Attorney's office in their official capacity as agents of the Board against individuals who violate O.S.L. 1968, ch. 168, Section 1 (2 O.S.Supp. 1968 Section 749[2-749] [2-749]). (Gary F. Glasgow)